ACCEPTED
14-14-00208-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
8/12/2015 4:22:16 PM
CHRISTOPHER PRINE
CLERK

No. 14-14-00208-CV

**In the
Fourteenth Court of Appeals
Houston, Texas**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

8/12/2015 4:22:16 PM

CHRISTOPHER A. PRINE
Clerk

**LETICIA B. LOYA, Appellant**

**vs.**

**MIGUEL ANGEL LOYA**, Appellee

**Appeal
Arising from the 257th District Court
Harris County, Texas
No. 2012-32502
Hon. Judy Warne**

**LETICIA LOYA'S REPLY TO MIGUEL LOYA'S
MOTION FOR REHEARING**

TO THE HONORABLE JUSTICES OF THE FOURTEENTH COURT OF APPEALS:

Miguel Loya has moved for rehearing, asking this Court to reconsider its decision that any community property interest in the bonus was not partitioned in the divorce. He argues that the community interest was partitioned to him as his separate property, either (i) as his "future income" or (ii) as "past income." As this Court explained in its

Miguel has shifted away from his *legal* argument that the community estate can have no interest in a bonus received after divorce for work done during marriage. He is now

1

advancing a *contractual* argument that the compensation received after divorce for work done during marriage constitutes "future earnings," which where partitioned to him in the divorce. The underpinning of Miguel's contractual argument is the same as the underpinning for his earlier legal argument. He is arguing that a bonus should be characterized based on when it is received, and not based on the work that it compensates.

In his Brief, Miguel relied on *Echols v. Austron, Inc.*, 529 S.W.2d 840, 846 (Tex. App.–Austin 1975, writ ref'd n.r.e.), for the proposition that the character of a bonus received after divorce depends on when it is received, and not whether it compensates work done during marriage. As this Court noted in its Opinion, p. 10 n. 7, that decision is not binding authority, and has been supplanted by a change in the common law made by *Cearley v. Cearley*, 5444 S.W.2d 661, 662, 665-66 (Tex. 1976), and by the subsequent adoption of Texas Family Code Section 7.003. Miguel's argument about future income is based on the same premise. He is saying that income is "past" or "future" based on when it is received, and not based on when the work was done. His contractual argument is invalid for the same reason that his legal argument was invalid.

Miguel also argues in his Motion for Rehearing that any part of the bonus received after divorce, that compensated work done during marriage, was partitioned as "past income" under a clause in the Agreement Incident to Divorce that said: "This Agreement Incident to Divorce shall serve as a partition of community income, setting aside to each spouse all income earned by each such spouse and/or attributable to property awarded to each such

spouse or contained as each such spouse's separate property herein." See Miguel Loya's Motion for Rehearing, p. 7. As this Court noted in its Opinion, p. 3 n. 3, the Agreement Incident to Divorce was not signed by either party and has no effect as a partition agreement.

Miguel Loya's arguments are without merit, and Leticia Loya prays that his Motion for Rehearing be denied. Leticia Loya prays for relief generally.

Respectfully submitted,

RICHARD R. ORSINGER
State Bar No. 15322500

ORSINGER, NELSON, DOWNING &
    ANDERSON, LLP
5950 Sherry Lane, Suite 800
Dallas, Texas 75225
Tel: (214) 273-2400
Fax: (214) 273-2470
E-mail: richard@ondafamilylaw.com

/s/ Richard R. Orsinger
ATTORNEYS FOR APPELLANT,
LETICIA LOYA

## CERTIFICATE OF SERVICE

I certify that a true copy of Leticia Loya's Reply to Miguel Loya's Motion for Rehearing was served by e-file, and email on the following:

Mr. Randall B. Wilhite
Fullenweider & Wilhite
4265 San Felipe Street
Houston, Texas 77027
rwilhite@fullenweider.com

on August 12, 2014.

/s/ Richard R. Orsinger
RICHARD R. ORSINGER
**Attorney for Appellant, LETICIA LOYA**